400 So.2d 627 (1981)
STATE of Louisiana
v.
Marvin Elwood SCOTT.
STATE of Louisiana
v.
Winifred Ellen SCOTT.
Nos. 80-KA-2845, 80-KA-2846.
Supreme Court of Louisiana.
June 22, 1981.
*628 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., J. Wayne Landry, Asst. Dist. Atty., for plaintiff-appellee.
James B. Supple, Indigent Defender Board, Franklin, for defendant-appellant Marvin Elwood Scott.
*629 James R. McClelland, Indigent Defender Board, Franklin, for defendant-appellant Winifred Ellen Scott.
WATSON, Justice.[*]
Defendants, Marvin Elwood and Winifred Ellen Scott, were convicted of cruelty to a juvenile in violation of LSA-R.S. 14:93.[1] Each was sentenced to five years at hard labor. They have appealed their convictions and sentences.

FACTS
Jason Paul Scott, age two, was severely burned with hot grease on Saturday, January 26, 1980. The injury was accidental, but the Scotts neglected to seek medical assistance, allegedly because of poverty and lack of transportation. There was no testimony that Jason could have survived, but "his chances would have been infinitesimally greater if he had received immediate treatment." (Preliminary Hearing, p. 9) The Scotts used over-the-counter remedies but the jury found that they were criminally negligent in not seeking medical assistance.
A friend of the family, Gerald Provorse, went to the Scotts' home on Monday morning. Because Mr. Proverse thought the Scotts were in shock and unaware Jason needed help, he called the sheriff's department that Monday evening at 6:00 P.M. Deputy Sheriff Matt LeBlanc went to the Scotts' home on Monday, January 28, at approximately 8:35 P.M., but was not allowed to enter the house. On Tuesday, January 29, Debra Aymond went to the Scott home with another employee of the Louisiana Office of Human Development. Mr. Scott threatened them and Ms. Aymond obtained a court order Tuesday afternoon in order to see Jason. Ms. Aymond and two deputies went to the Scott residence again on Wednesday, January 30, and found the child semi-conscious. They wrapped him in a sheet and took him to the emergency room of Lakewood Hospital in terminal condition. Dr. Evariste J. Trahan testified that Jason must have suffered excruciating pain during the first two or three days after his injury. Jason was subsequently transferred to New Orleans Charity Hospital where he died as the result of burns over fifty percent of his body.

ASSIGNMENT OF ERROR NUMBER ONE
Defendants both claim that the trial court erred in refusing to compel production of records of the Department of Health and Human Resources, which were in the state's possession. The trial judge made an in camera inspection and apparently determined that the evidence was not exculpatory and need not be disclosed.[2]
The reports are not exculpatory as to Marvin Scott but are exculpatory as to Winifred Scott. They indicate that Mrs. Scott, married at age 15 to a 25 year old husband, has no part in making family decisions. Mr. Scott is the parent who does not want the children to have medical treatment. Mrs. Scott is described as incompetent, weak, depressed and subservient to *630 her husband. She has taken advantage of mental health counseling when it was available.
Winifred Scott's theory of defense was that she had no control over family affairs. The reports are material to this issue and would have assisted her defense. Brady v. Maryland.[3] Since the ruling was highly prejudicial to Winifred Scott, and deprived her of due process of law, she is entitled to a new trial. Winifred Ellen Scott's conviction must be reversed, and her remaining assignments of error will not be considered.
Marvin Scott's defense was not prejudiced by the trial court's refusal to order production of the reports. They contain nothing favorable to Marvin Scott.
This assignment of error has no merit as to Marvin Scott.

ASSIGNMENT OF ERROR NUMBER TWO
Marvin Scott contends that the trial court erred in failing to sever the trials. However, his defense was not antagonistic to that of his wife. Mr. Scott did not attempt to blame her for the failure to obtain treatment for Jason. Neither Mr. nor Mrs. Scott testified at the guilt portion of their trial. No confessions of either party were introduced into evidence. No prejudice to Marvin Scott from the trial judge's failure to sever the trials is apparent.[4] Justice did not require a severance. LSA-C. Cr.P. Art. 704.[5] Moreover, Marvin Scott would clearly have been convicted in a separate trial. State v. McGraw.[6]
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBER THREE, FOUR AND FIVE
Defendant contends the trial court should have suppressed statements made by Marvin and Winifred Scott at home and statements made by Winifred Scott enroute to and at the hospital. Miranda v. Arizona;[7]Escobedo v. Illinois.[8]
The statements made at the home were volunteered. There were no custodial circumstances and the questions were aimed solely at the welfare of Jason. The deputies were unaware that their questions might elicit an incriminating response. Rhode Island v. Innis.[9]
The statements made by Mrs. Scott enroute to and at the hospital were made in a semi-custodial situation. She accompanied Jason, who had been taken from his home under court order. Her answers to the questions might have elicited an incriminating response. However, the statements she made were not inculpatory. Mrs. Scott stated that: the injuries were accidental; they did not have enough money for a hospital; and they did not want to take the child to a charity institution. These statements were not prejudicial to Marvin Scott's defense.
These assignments lack merit.

ASSIGNMENT OF ERROR NUMBER SIX
It is contended that the trial court erred in admitting into evidence five photographs *631 of Jason showing the nature of his burns. The photographs are gruesome and were admitted into evidence despite the defendants' offer to stipulate the nature and extent of the injuries. The photographs were crucial to the issue of whether the Scotts were criminally negligent in not seeking medical assistance for Jason. The photographs proved that even a lay person would have realized the nature and extent of the injuries and were essential to prove that the Scotts were criminally negligent. Their probative value outweighed any prejudice. State v. Vernon.[10]
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER SEVEN
Marvin Scott contends that the trial court erred in curtailing defense counsel's closing argument. Counsel stated:
"You know, if we start convicting people in saying they're grossly criminally negligent because they don't take the child to a doctor or they don't go to hospitals, what are we going to do? Are we going to put all Jehovah Witnesses in jail? Are we going to put all Christian Scientists in jail? Are we going to...."
The trial court sustained the state's objection to further argument along those lines. Since there was no testimony that the Scotts' failure to take Jason to the hospital was motivated by religious considerations, the argument was beyond the scope of the evidence and the objection was properly sustained. LSA-C.Cr.P. art. 774.[11]

ASSIGNMENTS OF ERROR NUMBER EIGHT AND NINE
Defendant Marvin Scott contends that no rational trier of fact could have found the essential elements of this crime beyond a reasonable doubt.
Marvin Scott is above the age of seventeen. His oldest child by Winifred Scott, Koren, was fourteen. Dr. Trahan estimated Marvin Scott's age at over forty and Officer Froreich estimated it as over thirty. Failing to take the child to a doctor under these circumstances was criminally negligent and the testimony of Dr. Trahan established that his criminal negligence caused unjustifiable pain and suffering to the child.
These assignments lack merit.

ASSIGNMENT OF ERROR NUMBER TEN
It is contended that the five year sentence at hard labor is excessive.
The trial court articulated the reasons for the sentence imposed. A suspended sentence or probation was found to pose undue risk of further neglect or child abuse. The court conceded that correctional treatment would not be of any assistance or have any rehabilitating value, but felt that having defendants in custody would benefit their remaining children. The trial court stated that any sentence short of imprisonment would deprecate the seriousness of the crime, which resulted in unnecessary pain and suffering, as well as death. Free medical assistance was available, and the parents should have known this from their previous contacts with welfare agencies. Although Marvin Scott had no serious criminal history, the court noted complaints of neglect against him in the past and concluded that the circumstances of the crime might recur. The court felt that defendants' disdain for authority and governmental agencies made it unlikely that they would respond affirmatively to probationary treatment. It was the court's opinion that imprisonment would not entail excessive hardship for the defendants, and their dependents would be better off in foster care. The court noted the absence of any emotion or remorse.
*632 The sentence imposed on Marvin Scott is not unconstitutionally excessive.
This assignment lacks merit.
For the foregoing reasons, the conviction of defendant, Winifred Ellen Scott, is reversed and her case is remanded for new trial.
The conviction and sentence of defendant, Marvin Elwood Scott, are affirmed.
REVERSED AS TO WINIFRED ELLEN SCOTT; AFFIRMED AS TO MARVIN ELWOOD SCOTT.
BLANCHE, J., dissents and assigns reasons.
PONDER, J. Ad Hoc, dissents from reversal of conviction of Winifred Scott. The report should be hearsay and cumulative and subservience would not be a defense.
BLANCHE, Justice (dissenting).
I respectfully dissent. The most plausible reason for defendant not taking his child to the doctor was due to the fear of reprisal from the welfare department, which had previously investigated the defendant's family life. His mistake in judgment, which resulted in the child's death, is tragically unfortunate and should not be compounded by requiring defendant to serve five years in the penitentiary.
NOTES
[*] Judges Morris A. Lottinger, Jr., Wallace A. Edwards, and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] LSA-R.S. 14:93 provides:

"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
"Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisonment for not more than ten years, with or without hard labor, or both."
[2] There is some indication that the trial court denied production of the reports on the basis of LSA-R.S. 46:56. See Hearing on Motion to Sever and Motion to Suppress, pp. 14-19. However, the District Attorney's office had the reports, which is also in violation of LSA-R.S. 46:56. The statutory prohibition against release of the records would be outweighed by defendants' right to an adequate defense. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
[3] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[4] Defendants were indicted in separate bills of information. That procedural defect was waived to allow a joint trial. Defendants reserved the right to complain about the failure to grant a severance. Trial proceeded with "the fiction" of a single bill of information. (Trial Tr. 8).
[5] LSA-C.Cr.P. art. 704 provides:

"Jointly indicted defendants shall be tried jointly unless:
"(1) The state elects to try them separately; or
"(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance."
[6] 366 So.2d 1278 (La., 1979).
[7] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[8] 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).
[9] 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980).
[10] 385 So.2d 200 (La., 1980).
[11] LSA-C.Cr.P. art. 774 provides:

"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
"The argument shall not appeal to prejudice.
"The state's rebuttal shall be confined to answering the argument of the defendant."