406 So.2d 153 (1981)
STATE of Louisiana
v.
Eddie Lee JOHNSON.
No. 81-KA-0470.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet and David R. Buckley, Asst. Public Defenders, for defendant-appellant.
LEAR, Justice Ad Hoc.[*]
The defendant, Eddie Lee Johnson, was charged by way of bill of information with the offense of armed robbery in violation of La.R.S. 14:64. He pled not guilty and was tried before a twelve person jury beginning on June 9, 1980. On June 10, 1980, eleven of the twelve jurors found the defendant guilty of simple robbery. On November 24, 1980, the defendant was sentenced to a period of seven years at hard labor. The defendant appeals, making two arguments on four of his five assignments of error.
*154 The facts show that on November 22, 1979, Patrick Liang was working as a clerk at the front desk of the Shalamar Motel on Airline Highway in Baton Rouge. At approximately 8:30 p. m., while Mr. Liang was on the telephone with his wife, a black man with black frame glasses approached him at the front desk. The man had a white face towel tied around his hand in the shape of a gun. Mr. Liang asked if he could help him and the man replied "money" then took his left hand and hung up the telephone. Liang said, "It's no good man" because there was not that much money in the cash register. The man replied, "I know, money." Liang then handed him the $64.00 in the cash register and the robber then asked if there were any checks. Liang said there were no checks. The robber then noticed Liang's wristwatch and said, "the watch." Liang then gave him his Jupiter wristwatch. The robber then wanted Liang to lie on the floor, but Liang refused because he did not want to get his clothes dirty. Instead, Liang remained standing while the robber left on foot. Liang then called the police. The robber was with Liang for a period of five to ten minutes and Liang stated that he had a good view of him.
On December 5, 1979, Due Zen Lee, the owner of another motel in Baton Rouge, sent a carpetlayer's helper to the Shalamar Motel to lay some leftover carpeting. This carpetlayer's helper was Eddie Lee Johnson, the defendant herein. When the defendant arrived at the Shalamar Motel, Mr. Liang immediately recognized him as his assailant. When he looked at him, the defendant allegedly turned away. Liang then called Lee's Motel. Liang informed Lee's wife that the man they sent over was the man who robbed him. At that time, Liang learned that the defendant had borrowed $15.00 from Lee, leaving a Jupiter wristwatch as collateral. Lee then brought the wristwatch to Liang who identified it as his own. Thereupon, they notified the police, who immediately apprehended the defendant.
ARGUMENT NO. I
In Assignments of Error Nos. 2 and 3, the defense argues that the trial court erred in failing to either admonish the jury or grant a mistrial because of the state's use of allegedly unconstitutional presumptions in closing argument. Defendant contends that the state's use of the La.R.S. 15:432 presumptions, that the person in the unexplained possession of property recently stolen is the thief, and that evidence under the control of a party and not produced by him was not produced because it would not have aided him, violate defendant's rights to due process, when applied to the facts of this case. Defendant maintains that the court's holding in Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) invalidates such use of presumptions in criminal law because they could unconstitutionally shift the burden of persuasion.
During closing argument, Assistant District Attorney Ralph Roy made the following comment on the defendant's possession of the Jupiter watch stolen from Patrick Liang during the robbery:
"Now the law says something about this. The law says that an inference that a person who in an unexplained possession of property recently stolen, that you may infer that he's the thief and that's good common sense." (Emphasis added.)
Defense counsel thereupon objected, the jury was removed, and the parties argued the propriety of Mr. Roy's use of this La. R.S. 15:432 presumption. The trial court refused to grant a mistrial or admonish the jury. The trial court also therein allowed defense counsel to note her continuing objection to a further La.R.S. 15:432 presumption which she anticipated that Mr. Roy would mention. The jury was returned and Mr. Roy made the following comment:
"... [a]nd if it be said, as it will be, that this defendant could have found this watch walking out on the street or could have unbelievably purchased this stolen item innocently from somebody else, then I say this, that the law says that evidence which is under the control of a party, the parties in this case being this defendant and the State of Louisiana, cannot [and not] produce[d] by that person, the inference *155 is that the evidence was not produced by that party because it would not have aided or it would not have helped that party. And I will take it on a sale situation that it is not uncommon to know the name of the person from whom you buy the property. So, if this defendant bought his watch from some third party, it would not be uncommon to expect that he would know from whom he bougth [bought] it. He may have conceivably bought it in the presence of several other people whose names he wouldn't know and the law would require in such situations that this would be evidence under his control. I have no way of knowing whether he bought that watch or if there were witnesses present, or, if he bought it, who he bought if from or where he bought it. I have no way of knowing that. But, if such did exist, then that knowledge would be within his control and the law says if he has that kind of evidence under his control he didn't offer this evidence, the inference is it was not offered because it wouldn't have helped him. So, clearly, this record is indicative of the case of robbery and that this defendant is the robber." (Emphasis added.)
Although the trial court did not admonish the jury as to this comment or the previous one, it did not use either of these presumptions in its final charge to the jury.
La.R.S. 15:432 provides:
"A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption attaching to the regularity of judicial proceedings; that the grand jury was legally constituted; that public officers have done their duty; that a relation or subject matter once established, continues, but not that it pre-existed; that the defendant intended the natural and probable consequence of his act; that the defendant is innocent; that the defendant is sane and responsible for his actions; that the person in the unexplained possession of property recently stolen is the thief; that evidence under the control of a party and not produced by him was not produced because it would not have aided him; that the witnesses have told the truth. (Emphasis added.)
This court had questioned the continuing validity of the first underscored presumption in view of the United States Supreme Court's recent emphasis that due process requires proof beyond a reasonable doubt of every essential element necessary to constitute the crime with which a defendant is charged. State v. Searle, 339 So.2d 1194 (La.1976); See Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). However, this court has upheld the constitutionality of this presumption when the effect of the presumption is shown only to create an inference that the person in possession of recently misappropriated property was the misappropriator; and so long as the jury is adequately informed that the defendant need not testify to the circumstance of his possession of the misappropriated article any more than he need explain away any other circumstantial evidence pointing towards guilt. State v. Coleman, 358 So.2d 289 (La.1978); State v. Womack, 283 So.2d 708 (La.1973). However, this court has continually reiterated that this statutory presumption needs legislative clarification and trial courts who give instruction on it and prosecutors who argue it must exercise extreme care because they are treading on constitutionally thin ice. State v. Coleman, supra, State v. Searle, supra. In State v. Searle, supra, this court overruled the judicial extension of this statutory presumption, that the person in the unexplained possession of goods recently obtained from a burglary is presumed to be the burglar. This judicial extension of the presumption was invalidated because the presumed fact (the person is a burglar) does not beyond a reasonable doubt necessarily flow from the proven fact (he was in possession of goods recently stolen in a burglary).
*156 The constitutionality of such presumptions has been more recently dealt with in Sandstrom v. Montana, supra. The court in Sandstrom noted that a given presumption would be unconstitutional if a reasonable jury could have interpreted it in either of the two following impermissible ways. If the presumption could be reasonably interpreted as an irrebuttable direction by the court, in other words, a conclusive presumption, then it would be unconstitutional. Alternatively, if a given presumption could be reasonably interpreted as shifting the burden of persuasion to the defendant then that also would be an unconstitutional denial of due process because it would relieve the state of the burden of proving each element of the crime beyond a reasonable doubt. However, it appears that presumptions that are clearly permissive, in the sense that they only allow the jury to infer that an element of the crime has been established upon proof of certain facts, can be constitutionally valid. Sandstrom was recognized by this court in State v. Heads, 385 So.2d 230 (La.1980).
In the present case the prosecutor used the words "inference" and "may infer" instead of "presumption" or "must presume." In reference to the first La.R.S. 15:432 presumption used here it appears that this change of terminology could have avoided the possible unconstitutional interpretations of "presumptions" proscribed by the court in Sandstrom. The jury was merely informed that they may infer that the defendant was the thief from the fact of his being in possession of the recently stolen watch. The prosecutor was thereby arguing this presumption as a permissive inference, which allows, but does not require, the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one. This inference places no burden of any kind on the defendant. The validity of such a permissive inference will be upheld if there is a rational connection between the basic facts that the prosecution proved and the ultimate fact presumed and the latter is more likely than not to flow from the former. County Court of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 2228, 60 L.Ed.2d 777 (1979); Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). As the Supreme Court pointed out in County Court of Ulster County v. Allen, supra, in using a permissive inference, or one "... on which the prosecution is entitled to rely as one not-necessarily-sufficient part of its proof ...", the state "... may rely on all of the evidence in the record to meet the reasonable doubt standard." In this case, of course, the prosecution had the eyewitness identification of defendant by the victim, a sufficient basis to meet the reasonable doubt standard.
The prosecutor's subsequent use of another La.R.S. 15:432 presumption is the basis of a constitutional challenge. In referring to defendant's failure to introduce evidence concerning the name of any person from whom defendant may have purchased the stolen watch, or the witnesses thereto, the prosecutor asserted that such evidence would be within the exclusive control of the defendant and the "inference is it was not offered because it wouldn't have helped him." (Emphasis added.)
The prosecutor prefaced his argument on this presumption with "and if it be said", indicating that he was anticipating defense counsel's argument rather than defendant's testimony or lack thereof.
Against this backdrop it could be argued that any constitutional error was harmless beyond a reasonable doubt given the overwhelming evidence of guilt against the accused. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Unlike Sandstrom v. Montana, supra, this constitutional error did not occur during the trial court's final charge to the jury. See Brotherhood of Carpenters v. United States, 330 U.S. 395 at 405-409, 67 S.Ct. 775 at 782, 91 L.Ed. 973; Bollenbach v. United States, 326 U.S. 607 at 614, 66 S.Ct. 402 at 405-406, 90 L.Ed. 350. Therefore, the harmless beyond a reasonable doubt standard may still be utilized to discount any error that may have occurred.
*157 Inasmuch as the prosecutor was referring to an anticipated closing argument by defense counsel rather than the fact that defendant failed to testify and the further fact that the trial judge did not include either presumption in his charge to the jury, we find no merit in this assignment of error.
In reference to Assignments of Error Nos. 4 and 5, defense counsel argues that the trial court erred in failing to either grant a mistrial or admonish the jury as to the prosecutor's arguing extraneous facts to the jury during closing argument. Defendant specifically complains of the prosecutor's reference to a newspaper article wherein one armed robbery victim was murdered with what he erroneously thought was a toy pistol wielded by an assailant, and his reference to alleged criminal cases wherein this court upheld the convictions. One involved an aggravated assault conviction where the defendant supposedly established that he emptied the cartridges from the revolver before wielding it, and another involved an armed robbery of a store where the defendant never removed his hand from his pocket. Defendant contends that the prosecutor was thereby playing on the fears and emotions of the jurors by trying to place the defendant in the same category with other more notorious armed robbers. Defendant maintains that the prosecutor was introducing extraneous evidence during argument and that these references were irrelevant, immaterial and highly prejudicial.
The prosecutor made references to other completely unrelated crimes that were recently reported in the newspapers as well as his interpretation of what this court has deemed sufficient to support an armed robbery conviction. These references do seem irrelevant, if not immaterial and some may be deemed prejudicial insofar as the jury may have been thereby misled as to the proof required to support an armed robbery conviction.
La.C.Cr.P. art. 774 provides:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
"The argument shall not appeal to prejudice.
"The state's rebuttal shall be confined to answering the argument of the defendant."
The prosecutor's argument does seem to exceed its proper scope in that it was not confined to the evidence admitted at trial and could have arguably appealed to the prejudice of the jury. See State v. Scott, 400 So.2d 627 (La.1981). However, these references during closing argument do not appear so prejudicial as to warrant reversal. Cf., State v. McClinton, 399 So.2d 178 (La.1981), (improper for prosecutor to invite jurors to think of themselves as victim, but not so prejudicial as to warrant mistrial); State v. Heads, 370 So.2d 564 (La.1979) (prosecutor's comparing defendant's character with that of "Son of Sam" could be improper because outside the scope of La.C.Cr.P. art. 774 but does not warrant mistrial).
The portions of the prosecutor's argument that exceed the scope of the evidence relate to the issue of armed versus simple robbery. The jury returned a verdict of guilty only as to simple robbery. Defendant has failed to establish how these arguably improper remarks influenced the jury or contributed to its verdict. It is well established that this court will not overturn a conviction on grounds of improper argument unless thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Monroe, 397 So.2d 1258 (La.1981); State v. Hicks, 395 So.2d 790 (La.1981).
This argument lacks merit.
AFFIRMED.
LEMMON, J., concurs.
NOTES
[*] Judges Chiasson, Edwards and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon, Justices Marcus, Blanche and Lemmon.