432 So.2d 815 (1983)
STATE of Louisiana
v.
Eddie L. JOHNSON.
No. 82-KA-0768.
Supreme Court of Louisiana.
May 23, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Ralph Roy, Asst. Dist. Attys., for plaintiff-appellee.
Kathleen S. Richey, M. Michele Fournet, Asst. Public Defenders, for defendant-appellant.
DIXON, Chief Justice.
In a second offender hearing, defendant, over counsel's objection, was required to testify about an earlier out-of-state conviction, without having been cautioned about his rights. His prior sentence for simple robbery was set aside, and defendant was sentenced to twenty-four years at hard labor.[1]
We find the twenty-four year sentence illegal, because it exceeds the maximum sentence provided in R.S. 14:65, and that defendant's compelled testimony about his earlier conviction was illegally obtained.
The robbery for which Johnson was convicted occurred on November 27, 1979. On that date, Article 65 of the Criminal Code, having been amended by Act 134 of 1977, provided for a maximum of seven years for simple robbery. The habitual offender statute (R.S. 15:529.1) provides for a maximum sentence to be "not more than twice the longest term prescribed for a first conviction."
At the habitual offender proceeding, there was no evidence adduced by the state that the defendant was the same person as the Eddie Lee Johnson who had been convicted *816 in Missouri for armed robbery on July 21, 1978. On being informed that there was no further evidence to show that the defendant was actually the person previously convicted in Missouri, the trial judge called the defendant forward to testify. When defense counsel objected and argued that Johnson was not required to furnish any proof at this sentencing hearing, the trial court overruled the objection. The state had merely mentioned that the Fifth Amendment of the United States Constitution was not applicable because the habitual offender hearing was "not a criminal procedure."
The protection of the Fifth Amendment is much broader than that contemplated by the prosecution. See Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Article I, § 16 of the Louisiana Constitution provides: "No person shall be compelled to give evidence against himself." The right against self-incrimination does not depend on the nature of the proceedings.[2]
Regarding the type of proceedings to which the right against self-incrimination adheres, the United States Supreme Court in McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 17, 69 L.Ed. 158 (1924), stated:
"The Government insists, broadly, that the constitutional privilege against self-incrimination does not apply in any civil proceeding. The contrary must be accepted as settled. The privilege is not ordinarily dependent upon the nature of the proceeding in which the testimony is sought or is to be used. It applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it. The privilege protects a mere witness as fully as it does one who is also a party defendant. It protects, likewise, the owner of goods which may be forfeited in a penal proceeding. See Counselman v. Hitchcock, 142 U.S. 547, 563-4 [12 S.Ct. 195, 198, 35 L.Ed. 1110]."
R.S. 15:529.1(D) provides:
"If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, *817 to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." (Emphasis added).
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
The trial court at mid-hearing arraigned Johnson and accepted his not guilty plea, satisfying the requirement of R.S. 15:529.1(D) that the trial court "require the offender to say whether the allegations are true." After pleading not guilty Johnson no longer was required to speak and should not have been compelled to present evidence against himself.
In the present case the trial court did not advise Johnson of his right to remain silent. Without such advice Johnson's acknowledgment or confession of his prior felony conviction in Missouri is invalid.
Since there was no admissible evidence offered by the state to prove that Johnson was the same person convicted in Missouri, the state failed to prove the essential elements of R.S. 15:529.1, and the case must be remanded. Defendant is not protected by principles of double jeopardy from being tried again on the question of the prior felony conviction. State v. Hill, 340 So.2d 309 (La.1976); see State v. Stott, 395 So.2d 714 (La.1981).
For the reasons assigned, the ruling of the district court is reversed, defendant's sentence is vacated, and the case is remanded to the trial court for resentencing in proceedings not inconsistent with this opinion.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
Since defendant clearly had the statutory right to remain silent and require the prosecution to prove the fact of a prior conviction, it is not necessary to reach the constitutional issue.
NOTES
[1] The decision on Johnson's appeal is found at 406 So.2d 153 (La.1981). He had been charged with armed robbery, was found guilty of simple robbery, and was sentenced to seven years at hard labor.
[2] See U.S. Const. amend. V; La. Const. art. I, § 16 (1974); La. Const. art. I, § 11 (1921, amended 1974); Estelle v. Smith, supra, 101 S.Ct. at 1872-73; Lefkowitz v. Cunningham, 431 U.S. 801, 804-05, 97 S.Ct. 2132, 2135, 53 L.Ed.2d 1 (1977); United States v. Washington, 431 U.S. 181, 186, 97 S.Ct. 1814, 1818, 52 L.Ed.2d 238 (1977); Maness v. Meyers, 419 U.S. 449, 464, 95 S.Ct. 584, 594, 42 L.Ed.2d 574 (1975); Lefkowitz v. Turley, 414 U.S. 70, 77-79, 94 S.Ct. 316, 322-23, 38 L.Ed.2d 274 (1973); Kastigar v. United States, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972); Malloy v. Hogan, 378 U.S. 1, 11-12, 84 S.Ct. 1489, 1495, 12 L.Ed.2d 653 (1964); In re Gault, 387 U.S. 1, 47-48, 55, 87 S.Ct. 1428, 1454, 18 L.Ed.2d 527 (1966); Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 197, 35 L.Ed. 1110 (1892); The United States v. The Saline Bank of Virginia, 26 U.S. 100, 104, 7 L.Ed. 69 (1828).

See also Hoffman v. United States, 341 U.S. 479, 485-87, 71 S.Ct. 814, 817-19, 95 L.Ed. 1118 (1951); State v. Knowles, 395 So.2d 678, 680 (La.1981); In re Grand Jury Subpoenas, 387 So.2d 1140, 1142-43 (La.1980); State of Louisiana in the Interest of Dino, 359 So.2d 586, 589 (La.1978), cert. denied, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); In re Parker, 357 So.2d 508, 511-12 (La.1978); In re Haggerty, 257 La. 1, 30, 241 So.2d 469, 479 (1970); State v. Kimberlin, 246 La. 441, 446, 165 So.2d 279, 280 (1964); State v. Smalling, 240 La. 915, 921, 125 So.2d 409, 411 (1960) (on rehearing); State v. Harrell, 228 La. 434, 438-39, 82 So.2d 701, 703-04 (1955); State ex rel. Doran v. Doran, 215 La. 151, 159, 39 So.2d 894, 896 (1949); Hart v. Picou, 147 La. 1017, 1022, 86 So. 479, 480 (1920); B.M. Horrell & Co. v. Parish, 26 La.Ann. 6, 8 (1874); Macarty v. Bond's Administrator, 9 La. 351, 356 (1836); Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, 55 (1974).