ALFORD, Judge.
Defendant, Eddie Lee Johnson, was charged with armed robbery, tried by a jury on June 10, 1980, and found guilty of the responsive verdict of simple robbery. Defendant appeals his subsequent adjudication as an habitual offender, LSA-R.S. 15:529.1.
As background, we note that defendant’s conviction was affirmed by the Louisiana Supreme Court. See State v. Johnson, 406 So.2d 153 (La.1981). A bill of information charging defendant as an habitual offender was filed on November 21, 1980. Defendant was first adjudicated a second felony offender on December 8, 1981. However, the Louisiana Supreme Court reversed that adjudication and remanded the case to the trial court for resentencing. See State v. Johnson, 432 So.2d 815 (La.1983).
On November 16, 1983, defendant was adjudged a second time to be an habitual offender and sentenced to serve fourteen years at hard labor. It is from this adjudication that defendant brings the instant appeal, urging the following four assignments of error:
1. The trial court committed error when it overruled defense objection to retrial of the habitual offender petition.
2.- The trial court committed error when it overruled the defense objection to the admissibility of the “rap sheet”.
3. The, trial court committed error when it adjudged the defendant to be a second felony offender.
4. The trial court committed error when it imposed an excessive sentence.
Assignment of Error Number 1 was not briefed and is thereby considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
As Assignment of Error Number 3 is dispositive of this case, we will deal solely with it. Defendant argues that his adjudication as a second felony offender was in error because the State failed to meet the requisite criteria of proof. We agree.
In order for a court to impose enhanced punishment under the habitual of *1253 fender law, the State must prove two things: (1) the prior felony conviction(s) alleged and (2) the present defendant’s identity with the individual previously convicted. State v. Blackwell, 377 So.2d 110 (La.1979).
LSA-R.S. 15:529.1 permits the establishment of prima facie proof of a prior felony conviction by compliance with subsection F.[1] However, the State did not meet the requisites of subsection F; nor did it seriously argue that it did. The State does contend that it complied with LSA-R.S. 15:585[2] and that, accordingly, the certified copy of defendant’s rap sheet was properly received as “prima facie proof of its contents and proper and accurate collection and custody.” We disagree. The introduction into evidence of the rap sheet clearly was not accompanied by the statutorily required signed specifications referenced in the statute. Accordingly, we find that no prima facie proof was established under the statute.
Jurisprudence has additionally provided that the necessary facts which permit enhanced punishment may be proved by other competent evidence. State v. Curtis, 338 So.2d 662 (La.1976). We find no such showing in this case. In an attempt to show that defendant was previously convicted in Missouri of a felony, the State introduced defendant’s rap sheet into evidence and had defendant fingerprinted in open court. The State also put on a latent fingerprint examiner who testified that the fingerprints made in court were the same as those accompanying defendant’s rap sheet.[3]
However, as clearly shown from the record, defendant’s rap sheet contained no fingerprints from the alleged Missouri conviction. The State’s fingerprint examiner took the fingerprints made in court and compared them to a single set of defendant’s fingerprints from a prior arrest in Louisiana. The prior Louisiana arrest was *1254 not the basis for the habitual offender adjudication, rather, the alleged Missouri conviction was used. In fact, the State offered no fingerprints from the alleged Missouri conviction. The only item in the record that indicated that defendant had been convicted in Missouri was a line entry (without accompanying fingerprints) on defendant’s rap sheet. That entry merely showed that someone named Eddie Lee Johnson had been convicted of armed robbery in Missouri.
In State v. Curtis, supra, at 664, the Louisiana Supreme Court stated:
Various methods of proof to establish identity have been recognized. We do not consider that identity of name of defendant and the person previously convicted is sufficient evidence of identity. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record. This court, in State v. Hardy, 174 La. 458, 141 So. 27 (1932), considered photographs attached to the certificate of the warden of the state penitentiary sufficient evidence in themselves of identification, without the evidence of fingerprints. In State v. Morris, 222 La. 480, 62 So.2d 649 (1952), the properly authenticated penitentiary records, together with photographs and fingerprints of the person imprisoned, were considered sufficient proof under La.R.S. 15:529.1, the court noting that defendant offered no testimony.
Accordingly, we find that the State has failed to meet its burden of proof under LSA-R.S. 15:529.1, and that this case miist be remanded. Defendant is not protected from being tried again under the Habitual Offender Law. See State v. Johnson, 432 So.2d 815 (La.1983).
For the reasons assigned, the ruling of the district court is reversed, defendant’s sentence is vacated, and the case is remanded to the trial court for resentencing in proceedings consistent with this opinion.
REVERSED AND REMANDED.

. LSA-R.S. 15:529.1, subsection F, reads as follows:
The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.

. LSA-R.S. 15:585: Admissibility of bureau records in evidence
Any original record including fingerprints, pictures, photographs, other documents or data, or any copy thereof, when certified by the deputy secretary or his authorized representative, shall be admissible as evidence in all criminal cases in courts of this state. Any certified record, or copy thereof, received by the court shall be received as prima facie proof of its contents and proper and accurate collection and custody; provided, when the record is presented for admission into evidence it is accompanied by a statement signed by the deputy secretary or his authorized representative which specifies:
(1) The date on which the record was received by bureau.
(2) The agency of origin of each record.
(3) The nature or type of record received and by what method of transfer.
(4) The date the bureau compiles the record for the purpose of evidence.
(5) The name of the bureau émployee who prepares the record for admission as evidence.

.We note that the evidence presented herein by the state was practically identical to that presented at the original habitual offender adjudication, which was reversed by the Louisiana Supreme Court. See State v. Johnson, 432 So.2d 815 (La.1983). The original adjudication was reversed because defendant was compelled to testify as to his alleged prior Missouri conviction, in contravention of the Fifth Amendment of the United States Constitution and Article I, Section 16 of the Louisiana Constitution. However, as to the proof offered by the state in the original adjudication, we further note that the Louisiana Supreme Court stated twice in its opinion that there was no admissible evidence adduced by the state to prove that Johnson was the same person convicted in Missouri. State v. Johnson, 432 So.2d 815, at 815, 817.