ALFORD, Judge.
Defendant, Eddie Lee Johnson, was charged with armed robbery, a violation of LSA-R.S. 14:64, in connection with an incident that occurred on November 22, 1979, in Baton Rouge, Louisiana. A jury found him guilty of the responsive verdict of simple robbery (LSA-R.S. 14:65).
Defendant’s conviction was affirmed by the Louisiana Supreme Court. State v. Johnson, 406 So.2d 153 (La.1981). Defendant was adjudicated a second felony offender on December 8, 1981. However, this adjudication was reversed and the matter was remanded for resentencing. State *1042 v. Johnson, 432 So.2d 815 (La.1983). On November 16, 1983, defendant was adjudged a second time to be an habitual offender and was sentenced to fourteen years at hard labor. This was reversed on appeal and was remanded for resentencing. State v. Johnson, 457 So.2d 1251 (La.App. 1st Cir.1984). On October 23, 1984, defendant was sentenced to seven years at hard labor. It is from this adjudication that defendant brings the instant appeal, urging that the trial court committed error when it imposed an excessive sentence and failed to follow the mandatory sentencing guidelines set for in LSA C.Cr.P. art. 894.1.[1]
Defendant’s appellate counsel argues in his brief that the fourteen year sentence imposed by the trial court on November 16, 1983, is excessive. This is the maximum sentence that can be imposed upon a second felony offender for simple robbery under the Habitual Offender Law. However, as noted above, this court previously reviewed the fourteen year sentence and found that the trial court erred when it adjudged defendant a second felony offender. We vacated that sentence and remanded the case to the trial court for resentenc-ing. See State v. Johnson, 457 So.2d 1251, (La.App. 1st Cir.1984).
On October 23, 1984, defendant was re-sentenced to seven years at hard labor— the maximum sentence for simple robbery. (LSA-R.S. 14:65). Therefore, we will address defendant's appeal as if the assignment of error was based on the alleged excessiveness of the seven year sentence.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sep-ulvado, 367 So.2d 762 (La.1979). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981).
In imposing sentence, the trial judge noted that defendant had an extensive previous criminal record[2], and that defendant was in need of correctional treatment in a custodial environment. The trial judge stated that defendant previously had the benefit of supervised parole which had been revoked for parole violation. Thus, it was the opinion of the trial judge that there was an undue risk that during any period of suspended sentence or probation, defendant would commit another crime.
In consideration of the above, we find no abuse of the great discretion afforded the trial judge in the imposition of sentence and the same is affirmed.
AFFIRMED.

. LSA-R.S. 15:529.1. That portion of the assignment of error dealing with the allegation that the guidelines of article 894.1 were not followed is not briefed and is therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4.

. During sentencing proceedings the trial judge mistakenly stated that defendant was formally classified as a multiple felony offender. Notwithstanding the fact that defendant was not thus classified as a multiple felony offender, the record as a whole is sufficient to justify defendant's sentence.