BARRY, Judge,
concurring.
The defendant’s pro se argument relating to his multiple bill hearing is being *442 considered as part of this appeal. The standard of review is different than that used for review of a post-conviction application on that issue.
This defendant, as in State v. Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), was not informed of his rights to a formal hearing and to have the State prove the allegations in the multiple bill. La.R.S. 15:529.-1(D) mandates that the defendant be informed of those rights. State v. Martin, 427 So.2d 1182 (La.1983). Therefore, his guilty plea is invalid and his enhanced sentence should be vacated.
However, I do not find State v. Johnson, 432 So.2d 815 (La.1983) relevant to this or any other case which turns on whether certain rights are recited prior to a voluntary guilty plea to a multiple bill. Johnson, where the defendant pleaded not guilty but was forced to testify against himself, is limited to its most unusual facts. Johnson was based on a violation of the defendant’s constitutional right to remain silent, not a statutory requirement to recite certain rights prior to accepting a guilty plea to a multiple bill.
The Louisiana Supreme Court has upheld a defendant’s guilty plea and found sufficient a colloquy which did not mention the right against self-incrimination. State v. Martin, supra.