WILLIAMS, Judge.
Defendant was convicted of theft of meat valued at more than $500.00, a violation of LSA-R.S. 14:67, and sentenced to ten years in the Department of Corrections. Defendant subsequently pled guilty to a multiple bill. His original sentence was vacated and defendant was sentenced to twelve years. Defendant filed this appeal urging that the trial court failed to advise him of his right to a hearing on the multiple bill and his privilege against self incrimination before accepting defendant’s guilty plea on the multiple bill. This assignment has merit.
LSA-R.S. 15:529.1(D) provides the procedure to be followed upon filing of a multiple bill and reads, in pertinent part:
... (T)he district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true_ If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed.... [emphasis added]
This section of the statute requires that the defendant be advised of his right to a formal hearing and to have the State prove its case. State v. Martin, 427 So.2d 1182, 1184-85 (La.1983). In addition, this section implicitly requires that the defendant be advised of his right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983).
The transcript in the instant case reflects that the trial court advised defendant of his right to a hearing wherein the State must prove its case under the habitual offender statute. However, although the court also advised defendant of his “right to take the witness stand ... in case (he) wanted to dispute this charge,” the court failed to advise defendant of his right to remain silent. State v. Johnson, supra, dictates that we vacate defendant’s multiple offender conviction and sentence. State v. Johnson, supra; State v. Musacchia, 536 So.2d 608, 612 (La.App. 1st Cir.1988); State v. Causey, 533 So.2d 1050, 1054 (La.App. 4th Cir.1988); State v. McIntyre, 496 So.2d 1204, 1207 (La.App. 5th Cir.1986).
Accordingly, defendant’s multiple offender adjudication and the sentence imposed pursuant thereto are vacated and set aside and the case is remanded for further proceedings consistent with this opinion.
VACATED AND REMANDED.