PLOTKIN, Judge.
On June 27, 1984, the defendant was charged by a bill of information with simple burglary of an inhabited dwelling, a violation of LSA R.S. 14:62.2. After pleading guilty on September 24,1984 he waived the sentencing delays and was sentenced to 6 years at hard labor, with credit for time served, the first year to be served without benefit of probation, parole or suspension of sentence. He was found to be a multiple offender on September 17, 1985 and resentenced to 6 years at hard labor with credit for time served, with no good time benefits, and with no parole eligibility for the first half of the sentence. The defendant appeals his multiple bill conviction, on the grounds that insufficient evidence was presented to show that the individual convicted of the predicate offense was the defendant. We agree and vacate the multiple bill sentence, reimposing the original sentence of the trial court.
FACTS
The simple burglary of an inhabited dwelling to which the defendant pled guilty occurred at 1527 Valmont Street on May 21, 1984. The defendant pled guilty and was sentenced on September 24, 1984.
On October 29, 1984 the State filed a multiple bill of information pursuant to LSA R.S. 15:529.1. The State at that time filed into evidence en globo as S-l, transcripts, conviction papers, and fingerprint cards.
On September 17, 1985, almost a year later, a multiple bill hearing was held. The State presented evidence to show that the guilty plea in the predicate offense of simple burglary in case No. 82-1387 in Jefferson Parish, Louisiana was by the same German Rodriguez that pled guilty to the instant simple burglary in case No. 302-274. Officer William Sable testified as an expert in the taking, comparison, examination and identification of human fingerprints. After taking prints from the defendant in open court, he compared the fingerprints with those on a document marked S-2 for identification. S-2 was an arrest register for the offenses included in case No. 82-1387 which occurred on April 4, 1982. A fingerprint card that is dated as being taken on August 25, 1981 was attached to the arrest register. The fingerprints matched and the State presented no other evidence. The trial court found that the German Rodriguez who had pled guilty in case No. 302-274 to be the same German Rodriguez who had a prior conviction in Jefferson Parish in case No. 82-1387. The defendant was sentenced as a second offender pursuant to LSA R.S. 15:529.1.
SUFFICIENCY OF EVIDENCE ON A MULTIPLE BILL
To prove that a defendant is a multiple offender under LSA R.S. 15:529.1, the State must first offer evidence of the prior convictions and then prove that the defen *993 dant is the same person who committed these prior felonies. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Spellman, 547 So.2d 1361 (La.App. 4th Cir. July 27, 1989). The Louisiana Supreme Court in State v. Curtis, 338 So.2d 662 (La.1976), established that evidence is insufficient to convict the defendant as a multiple offender when the only link between the defendant and the person who committed the prior felonies is identical names.
In this case, the multiple bill alleged that the defendant had on June 28, 1984, pled guilty to aggravated burglary, a violation of LSA R.S. 14:60, in case No. 82-1387 in Jefferson Parish. This conviction served as the predicate offense for the State’s contention that the defendant was a second felony offender.
To prove the second prong of the State’s burden, that the defendant is the same person who committed these prior felonies, the State offered as evidence the arrest register of the predicate offense. A copy of the arrest register showed that German E. Rodriguez, born 7/12/63, was arrested on April 4, 1982 for an aggravated burglary of the residence at 4148 E. La. State Drive and the attempted rape of its owner. A fingerprint card was attached to the copy of the arrest register. These fingerprints were matched to the fingerprints of the defendant taken in open court.
The bill of information, the Boykinization and sentencing transcript, the sentence form and the signed guilty plea for the predicate offense were also introduced. All of the evidence contained information that linked the documents to the arrest register. The bill of information charged a German E. Rodriguez with the April 4, 1982 aggravated burglary of the residence at 4148 E. La. State Drive and the attempted aggravated rape of its owner. The Boykinization and sentencing transcript showed that a German E. Rodriguez, on June 28, 1982, pled guilty to an aggravated burglary which occurred on April 4, 1982. This document also evidenced that the State had agreed to drop the aggravated rape charge. The sentence form showed that a German E. Rodriguez, born 7/12/63, pled guilty on June 28, 1982 to aggravated burglary. The guilty plea form signed by German E. Rodriguez on June 28, 1982 evidenced that he pled guilty to an aggravated burglary that occurred on April 4, 1982. All of these documents contained the case No. 82-1387.
The first problem of proof is whether the fact that there were no fingerprints taken of the individual who was convicted of the predicate offense, as opposed to arrested for it, fails to provide the requisite link to show that the person convicted was the defendant. This court recently analyzed facts similar to the case at bar. In State v. Armstead, 542 So.2d 28 (La.App. 4th Cir. 1989), the State produced an arrest register with fingerprints on the back of it. There were no fingerprints on the bill of information or minute entries of the guilty plea. However, because there was sufficient information on the documents supporting conviction to prove the connexity with the arrest register, this court found that the State could use the fingerprints from the arrest register to show that the defendant was the same person who committed the predicate offense.
In the case presently before this court, the State presents documents supporting a conviction that can be linked to the arrest register which was presented at the hearing with the fingerprint card attached. The connexity is evidenced by the address, date and specific nature of the crime, and the name and birthdate of the defendant.
However, a crucial difference exists between the facts in Armstead and the case at bar. In Armstead, the fingerprints were on the back of the arrest register with a notation indicating the same case number as the subsequent conviction. In the case before us, at the defendant’s multiple bill hearing, a fingerprint card was introduced where the fingerprints of a German E. Rodriguez were taken on August 25, 1981, more than seven months prior to the occurrence of the predicate offense. No explanation is found in the record of when, where or why these fingerprints were made. These prints do not relate to any prior arrests or convictions in this record. They do not show a connexity to the predicate offense.
*994 Where the prior fingerprints used for comparison were not related to the alleged predicate offense, courts have vacated multiple bill sentences for failure to prove habitual offender status. State v. Johnson, 457 So.2d 1251 (La.App. 1st Cir.1984). In Johnson, the State had used fingerprints from a prior Louisiana arrest as comparison to show the connexity to an alleged predicate offense that occurred in Missouri. We find the case at bar factually similar in that the State tried to show the connexity to a 1982 arrest and conviction by introducing fingerprints from an earlier arrest in 1981. We, therefore, hold that the State did not establish that the defendant committed the prior felony. Thus, the State did not prove the defendant to be an multiple offender, pursuant to LSA R.S. 15:529.-1.
For the above and foregoing reasons, while we affirm the defendant’s conviction of simple burglary, we vacate the multiple bill sentence and reimpose the original sentence.
MULTIPLE BILL SENTENCE VACATED, ORIGINAL SENTENCE REIMPOSED.