KLIEBERT, Chief Judge.
Defendant, David Sharlow, was charged by grand jury indictment with distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). Following a trial by jury, defendant was found guilty as charged and sentenced as an habitual offender to 15 years at hard labor. He now appeals, alleging testimony of an undercover agent was incredible and hence insufficient to support his conviction. For the reasons hereinafter stated, we affirm defendant’s conviction, vacate his sentence and remand for resentencing.
Defendant was charged with distribution of cocaine, a crime defined by LSA-R.S. 40:967(A)(1) as:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
The facts clearly indicate that all the elements of the crime were present; however, the defendant contends the officer’s identification was insufficient to support a conviction of this particular defendant. The defendant challenges the sufficiency of the evidence which was used to convict him of distribution of cocaine. More specifically, he challenges the sufficiency with regard to Officer Richard Motley’s identification of the defendant.
The Constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof suffi- *859 dent for any rational trier of fact, reviewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (5th Cir.1990).
Testimony before the jury indicated that on January 13, 1989, Richard Motley, a narcotics officer with the Kenner Police Department, was on loan to the St. John the Baptist Parish Sheriffs Office in connection with a program referred to as “Operation Cooperation.” Officer Motley first met with Bridgette Dinvaut and Murray Franks of the St. John Sheriffs Office at approximately 9:45 P.M., and they provided him with funds to purchase narcotics and an audio transmitter for his safety. He was then assigned to an area known as “the front” which is located on the River Road in LaPlace.
Motley arrived at “The Front” at approximately 10:05 P.M. As he drove up, he noticed a black male near a pickup truck wearing a black leather coat, a Cango cap, and lots of jewelry. The men exchanged greetings, and Motley indicated that he wanted to purchase one-half of a gram of cocaine. The man then sold the officer two packets of a white substance for fifty dollars. After the purchase, Motley returned to the sheriffs office and gave the packets to Officer Dinvaut.
Officer Motley returned to St. John Parish on January 14, 1989 to identify the man he had seen the previous night. After looking through a number of pictures in a photograph file, he identified Sharlow as the man selling drugs. Motley also identified the defendant during the trial in February of 1991.
The substance purchased by Motley was tested at the Jefferson Parish Crime Laboratory by Milton Dureau, a forensic chemist. Mr. Dureau testified that the substance was cocaine.
The defendant testified that he had never seen Officer Motley, and he denied selling the drugs. No other witnesses were presented by the defense.
Defendant contends Officer Motley’s identification is suspect because it was dark at the location of the buy and defendant and Motley were face to face for only a short period. He also points to testimony which, in his opinion, was evasive except for facts surrounding the buy and identification.
Although Sharlow testified that he did not sell cocaine to Officer Motley, the jury obviously chose to believe the officer rather than the defendant. “Because it is the role of the fact finder to weigh the respective credibility of the witnesses, an appellate court will not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review.” State v. Bourgeois, 573 So.2d 1170 (5th Cir.1991).
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the offense of distribution of cocaine. Accordingly, defendant’s conviction is affirmed.
Our review of the record reveals an error patent in the habitual offender proceeding requiring defendant’s sentence be vacated and the matter remanded for re-sentencing.
In State v. Johnson, 432 So.2d 815 (La.1983), writ granted, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (1st Cir.1984), appeal after remand, 471 So.2d 1041 (1st Cir.1985), the Louisiana Supreme Court discussed the requirements of LSA-R.S. 15:529.1(D), supra, stating as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the *860 trial court as to his rights. R.S. 15:529.-1(D) specifically provides that defendant be advised by the court of his right to a “formal hearing” and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
432 So.2d 815 at 817.
The record reveals defendant admitted to entering a guilty plea for a prior offense when he was arraigned on the multiple bill. However, the record does not reflect defendant was advised of his right to remain silent. Therefore, the double bill falls.
For the foregoing reasons, defendant’s conviction is affirmed; his sentence is vacated and the matter is remanded to the trial court for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.