IrWOODARD, Judge.
On August 17, 1994, defendant, William T. Smith, was indicted, arraigned and pled not guilty to one count of second degree battery, a violation of La.R.S. 14:34.1. On March 20-21, 1995, defendant was tried by jury and found guilty. At a subsequent hearing, defendant was adjudged an habitual offender and sentenced to five years at hard labor. Defendant now appeals his conviction and sentence.
FACTS
On July 29,1994, the defendant, William T. Smith, was at Slim’s Lounge in Concordia Parish with his date, Jessica Cupstid (aka *213 Shanna Cupstid, Jessica Carroll or Shanna Carroll). Smith and Cupstid were seated next to each other, and Smith left his seat to go to the restroom. While he was gone, the victim, Michael Robertson, sat in defendant’s chair and refused to move. When the defendant returned, he asked the victim to move. Robertson refused, and defendant hit him in the face and threw him down on the floor. Robertson was rushed to the hospital and treated for serious injuries.
^ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, we review all appeals for errors patent on the face of the record. We have found three. La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Therefore, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95); 651 So.2d 858.
La.Code Crim.P. art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not do so. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resen-tencing. La.Code Crim.P. art. 921. Under La.Code Crim.P. art. 914 or 922, the three year prescriptive period does not begin to run until the judgment is final, so prescription is not yet running. Apparently, the purpose of the notice of Article 930.8(C) is to inform the defendant of the prescriptive period in advance; thus, the district court should, and is hereby ordered, to inform the defendant of the provisions of Article 930.8, by sending appropriate written notice to him within ten days of the rendition of this opinion and to file, in the record of the proceedings, written proof that the defendant received the notice. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
The third error patent concerns defendant’s habitual offender hearing. La.R.S. 15:529.1(D) specifically provides that the defendant be advised by the court of his | aright to a “formal hearing” and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent. See State v. Johnson, 432 So.2d 815 (La.1983), appeal after remand, 457 So.2d 1251 (La.App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir.1985). In the case sub judice, the transcript of the habitual offender hearing on June 21, 1995, reveals that the defendant waived arraignment and pled not guilty. The record does not reflect that the defendant was advised of his right to remain silent and have the state prove its case. Nevertheless, defendant did exercise his right to remain silent by not testifying. Therefore, the defendant has suffered no adverse affects to his right to remain silent sufficient to warrant a reversal. State v. Miles, 613 So.2d 1047 (La.App. 3 Cir.1993).
Assignment of Errok Number One
By his first assignment of error, the defendant contends that the trial court erred in denying his motion for a new trial. The defendant had subpoenaed Jessica Cupstid as a witness, but she was unavailable to testify at trial because she was nine months pregnant, overdue to deliver, and considering inducing labor the next day. Defense counsel stated he wanted Cupstid, his sole witness, to be present and testify. The trial judge stated it would be unfair to keep the jury for a *214 week or longer until Cupstid could testify. Defendant never formally motioned for a continuance and never objected to the trial judge mentioning he would not continue the proceeding. Defense counsel then requested admittance of a voluntary statement of Cup-stid’s that she had previously given to the Concordia Sheriffs Department. The statement was exculpatory and defense counsel noted that if Cupstid had been present to testify she would have testified to the same facts in the statement. The prosecutor noted he would not be able to cross-examine her on the statement and would have liked Cupstid to be present, but conceded she was unavailable. The trial judge allowed the statement to be read to the jury while each member viewed a copy. The statement was then submitted as evidence and made a part of the record.
After being found guilty, defendant filed a motion for a new trial. A hearing was held at which defense counsel stated that he felt the absence of Cupstid’s testimony deprived defendant of defendant’s due process right to present witnesses Uon his behalf and that the matter should have been continued because Cupstid’s live testimony would have presented defendant’s side of the case and therefore, her absence had deprived him of a fair trial. Yet, defense counsel agreed that he had stipulated during trial to introducing the statement. On the contrary, the State believed that Cupstid’s testimony would have bolstered its case, and that the substitution of the statement actually strengthened the defendant’s case. The trial judge denied the motion.
La.Code Crim.P. art. 851 states:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
* * * * * *
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
In his written motion, defendant argued for a new trial under subsection 5. At the hearing, the defendant alleged that Cupstid would have testified that he was provoked because the victim had been fondling, grasping, and fooling with Cupstid even though she' was with the defendant that night. While Cupstid’s statement mentioned that the victim fell over her twice and was belligerent, it did not indicate that the victim was fondling her. It also indicated that the defendant became angry with the victim because the victim refused to give Cupstid the chair she was using.
Based on defense counsel’s assertion that, had this witness been present, her testimony would have been what was in her statement, we fail to appreciate how the defendant was prejudiced by Cupstid’s failure to testify. At the most, her testimony might explain the defendant’s motivation for what he did, but this is of no moment, since nothing in her written statement purports a legal defense. State v. Allen, 589 So.2d 1180 (La.App. 4 Cir.1991), writ denied in part, granted in part on other grounds, 594 So.2d 884 (La.1992). Thus, the jury was not deprived of an important witness’ testimony and her presence would have had little, if any, effect, especially |5in light of the State’s numerous witnesses. Nor did the failure to grant a new trial deprive defendant of his due process rights for the same reasons previously articulated. “A trial court’s discretion in ruling on a motion for new trial will be given great weight, but, if the exercise of that discretion is arbitrary and unjust, the ruling on the motion for new trial will be set aside.” Id. at 1185. We find no abuse. This assignment of error lacks merit.
Assignment of Error Number Two
By his second assignment of error, defendant contends that the trial court erred in sentencing the defendant excessively. La. Code Crim.P. art. 881.1(D) states:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim *215 of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
A review of the record and a request to the clerk of the district court reveal that the defendant did not file a written motion to reconsider sentence. Thus, according to La. Code Crim.P. art. 881.1, he is precluded from raising the specific ground of excessiveness on appeal. See State v. Green, 94-617 (La.App. 3 Cir. 12/7/94), 647 So.2d 536. This assignment of error lacks merit.
CONCLUSION
The trial judge properly denied defendant’s motion for a new trial. Defendant’s failure to make an oral motion to reconsider the sentence or to file a written one prevents him from pursuing this claim on appeal. His conviction is hereby affirmed. As defendant was improperly adjudged an habitual offender, we remand this case to the trial court with instructions to conduct another habitual offender hearing in accordance with this opinion.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.