**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1183

STATE OF LOUISIANA

VERSUS

MARCUS QUINN, SR.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 04-1397
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

J. Philip Haney
District Attorney 16th Judicial District
Jeffrey J. Trosclair
Assistant District Attorney 16th Judicial District
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100 Ext. 550
COUNSEL FOR APPELLEE:
    State of Louisiana

**Richard A. Spears**
**Attorney at Law**
**Post Office Box 11858**
**New Iberia, LA 70560**
**(337) 367-1960**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Marcus Quinn, Sr.**

PETERS, J.

A jury convicted the defendant, Marcus Quinn, Sr., of the offense of possession of cocaine, a Schedule II controlled dangerous substance, a violation of La.R.S. 40:967(C), and of the offense of false imprisonment, a violation of La.R.S. 14:46. After the trial court sentenced the defendant to serve five years at hard labor on the possession conviction and six months in the parish jail on the false imprisonment conviction, the State of Louisiana (state) charged the defendant as a multiple felony offender pursuant to La.R.S.15:529.1. In response to the multiple offender filing, the trial court vacated the five-year hard labor sentence and then sentenced the defendant to serve twenty years at hard labor on the possession conviction. In both the initial and subsequent sentencing proceedings, the trial court ordered that the hard labor sentence run concurrently with the six-month parish jail sentence. The defendant appeals his conviction and sentence on the possession charge, asserting three assignments of error. For the following reasons, we affirm the defendant's conviction in all respects. However, we vacate the defendant's sentence and remand the matter for resentencing.

## DISCUSSION OF THE RECORD

The criminal charges arise from a June 29, 2004, incident at the home of Walter Thompson in Iberia Parish. According to the testimony presented at trial, on that afternoon the defendant and a female companion, Bernadine Broussard, arrived at the Thompson residence and immediately proceeded to Mr. Thompson's bedroom. At some point thereafter, Ms. Broussard attempted to leave the bedroom, but the defendant prevented her from doing so. Additionally, at some point, Mr. Thompson entered the bedroom and observed a fully clothed Ms. Broussard lying on his bed and

the naked defendant smoking crack cocaine.  Mr. Thompson also observed crack cocaine on his dresser.

According to Mr. Thompson, the defendant made a sexual proposal to him which he rejected, and the defendant then began choking him.  As Mr. Thompson broke away and left the room, Ms. Broussard told him that the defendant "didn't want to let her out" of the bedroom.  Initially, Mr. Thompson retired to his living room.  But after he continued to hear Ms. Broussard "hollering" from the room, he walked across the street to his mother's house and telephoned the police.

Ms. Broussard testified that, when she and the defendant arrived at Mr. Thompson's house, she went to the bathroom.  When she came out of the bathroom, she found the defendant naked in the bedroom with the door locked.  However, according to Ms. Broussard, the defendant appeared more interested in having Mr. Thompson perform oral sex on him than in physically bothering her.  She observed the defendant produce crack cocaine and begin to smoke it, and at some point he offered her cocaine in exchange for sex.  When she refused, the defendant hit her, and, when she tried to leave the room, he prevented her from doing so.  Ms. Broussard remained in the room until the police arrived.

Officer Edward McLean of the New Iberia Police Department responded to Mr. Thompson's call.  When Officer McLean arrived at the scene he was informed that someone was holding a hostage in the Thompson bedroom.  Officer McLean called to Ms. Broussard to exit the bedroom, but she responded that she could not because the defendant would not let her.  After a while, Ms. Broussard stopped answering Officer McLean's inquiries concerning her situation.  When Officer McLean heard a scuffle in the bedroom and heard someone "whimpering," he kicked the door open.

2

Upon entering the bedroom, Officer McLean observed the still-naked defendant holding Ms. Broussard against the bedroom wall, with his left hand grasping her throat and his right hand holding a crack pipe. In response to the officer's commands, the defendant released Ms. Broussard and was immediately placed under arrest. Crack cocaine and various items of drug paraphernalia were seized from the bedroom.

The state initially charged the defendant by bill of information with one count of second degree kidnapping, which is a violation of La.R.S. 14:44.1, and possession with intent to distribute cocaine, a Schedule II controlled dangerous substance, which is a violation of La.R.S. 40:967(A)(1).[1] After completion of the evidence, the jury returned the aforementioned responsive verdicts to both counts. In his appeal, the defendant addresses only his possession conviction in his three assignments of error. Specifically, he asserts that (1) there was not sufficient evidence for the jury to find him guilty of possession of cocaine, (2) the trial court erred in sentencing him to twenty years at hard labor, and (3) the trial court erred in rejecting his motion for post-judgment acquittal without holding a hearing.

**OPINION**

*Assignment of Error Number One*

In his first assignment of error, the defendant challenges the sufficiency of the evidence presented against him. Specifically, the defendant argues that, although three crack pipes were introduced into evidence, no one identified any of the crack pipes as being the one allegedly in his hand when Officer McLean entered the room.

---

[1]The state also charged the defendant in the original bill of information with a misdemeanor charge arising from the incident. Before trial, the state severed that charge from the two felonies, and that charge is not before us.

3

Thus, the defendant asserts that the jury convicted him based only on the memory of Officer McLean and that the state failed to prove beyond a reasonable doubt that he had dominion and control over the seized evidence taken from Mr. Thompson's cluttered bedroom.

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

In this matter, the state must establish beyond a reasonable doubt that the defendant was in possession of cocaine and that he knowingly and intentionally possessed it. See La.R.S. 40:967(C). Applying the *Jackson* standard to the record before us and viewing the evidence in the light most favorable to the state, we conclude that a rational trier of fact could have found the essential elements of the offense to have been proven beyond a reasonable doubt. Mr. Thompson, Ms. Broussard, and Officer McLean all testified that they observed the defendant in possession of cocaine. Both Mr. Thompson and Ms. Broussard testified that they observed the defendant smoking the cocaine, and Officer McLean testified that he observed the defendant holding a crack pipe when he first entered the bedroom.

4

Additionally, both Mr. Thompson and Officer McLean testified that they observed crack cocaine on the bedroom dresser. When the three seized crack pipes were submitted to scientific testing, all three tested positive for the presence of crack cocaine. Despite the fact that Officer McLean did not testify that he seized the crack pipe that was in the defendant's hand, Officer McLean did testify that all the pipes present were collected after the defendant's arrest. Thus, it is logical to conclude that the pipe in the defendant's possession was one of those seized.

We find no merit in the defendant's first assignment of error.

### *Assignment of Error Number Two*

In his second assignment of error, the defendant asserts that the sentence imposed for possession of cocaine is excessive. Because the trial court failed to apprise the defendant of his rights to remain silent and to have the state prove the case against him at the multiple offender proceeding, we must vacate the imposed sentence and remand this matter for resentencing. Therefore, we need not consider this assignment of error.

At the multiple offender hearing, the state introduced various documents to establish that an individual named Marcus Quinn had been previously convicted of a number of felonies. In response, the defendant's counsel stated that the defendant did not object to the admissibility of the documents although he did object to the sufficiency of documents for enhancement purposes. The defendant's counsel further stipulated that the defendant was the same individual convicted of each of the predicate offenses. The state presented no other evidence concerning the identity of the prior felony offender. Thus, the only direct evidence establishing that the defendant was the person who committed the prior offenses was the defendant's

5

admission through his counsel. Thereafter the trial court found the defendant to be a fourth felony offender and sentenced him to twenty years at hard labor. As previously stated, at no time did the trial court advise the defendant of his rights to remain silent and to have the state establish the elements of the charge.

The supreme court has declined to adopt "as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the *Boykin* colloquy which must accompany a valid plea of guilty." *State v. Harris*, 95-900, p. 1 (La. 5/19/95), 654 So.2d 680, 680. Applying that rationale, this court addressed the issue as an assigned error in *State v. Fletcher*, 00-968, pp. 3-4 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, 1243, *writ denied*, 01-342 (La. 12/14/01), 803 So.2d 986, as follows:

> While La.R.S. 15:529.1 does not specifically address the issue of a defendant's right to remain silent, in *State v. Johnson*, 432 So.2d 815 (La.1983), *writ granted on other grounds*, 438 So.2d 1113 (La.1983), *appeal after remand*, 457 So.2d 1251 (La.App. 1 Cir.1984), *appeal after remand*, 471 So.2d 1041 (La.App. 1 Cir.1985), the supreme court concluded that the statute clearly recognizes that a defendant has the right to remain silent and thus implicitly provides that a defendant should be advised by the trial court of this right before he acknowledges or confesses his status as an habitual offender. Thus, the trial court erred in failing to advise the defendant of this right before accepting his admission that he was the person who was convicted of the predicate offenses. *The question is whether or not this is harmless error*.

(Emphasis added.)

In those cases where the failure to advise a defendant of his rights under La.R.S. 15:529.1 was harmless error, something more than the defendant's admission of identity was present.[2] However, this court has held in *State v. Coleman*, 96-525

---

[2]In *Harris*, 654 So.2d 680, the state introduced the sworn affidavit of a representative of the Louisiana Department of Corrections to establish that the defendant was the same person who had been convicted of the predicate offenses. In *State v. Payne*, 94-1628 (La.App. 3 Cir. 5/22/96), 677 So.2d 527, the admission on the part of the defendant was a part of a plea agreement. In *State v. Boswell*, 96-801, p. 18 (La.App. 3 Cir. 2/12/97), 689 So.2d 627, 636, the defendant's trial counsel had explained the habitual offender charges to him, including "his right to a hearing where the State

(La.App. 3 Cir. 10/7/98), 720 So.2d 381, and *State v. Roberson*, 94-1570 (La.App. 3 Cir. 11/2/95), 664 So.2d 687, that a defendant is not afforded a fundamentally fair hearing where he is not advised of his rights and no proof other than his own admission is offered to prove his status as a multiple offender.

Following the decisions in *Roberson* and *Coleman*, we conclude that the defendant's sentence for possession of cocaine must be vacated and the matter remanded for re-sentencing.

### *Assignment of Error Number Three*

The defendant did not brief this issue. Therefore, it is considered abandoned. See Uniform Rules—Courts of Appeal, Rule 2-12.4.

### DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction in all respects. However, we vacate the defendant's sentence and remand the matter for resentencing.

### CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

**This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.**

---

would have to prove his identity as a habitual offender beyond reasonable doubt."

7