# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 08-867


**STATE OF LOUISIANA**

**VERSUS**

**GREGORY JOHN RUIZ**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 02-1010
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Marc T. Amy, Michael G. Sullivan, and Shannon J. Gremillion,
Judges.


**AFFIRMED.**


**James Edward Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
**Gregory John Ruiz**

**Hon. J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Gregory John Ruiz**
**ALC Earth C-1**
**3751 Lauderdale Woodyard Rd.**
**Kinder, LA 70648**
**Defendant/Appellant:**
**Gregory John Ruiz**

**GREMILLION, Judge.**

     Gregory John Ruiz, the Defendant, was charged by bill of information with possession of cocaine, second offense, and distribution of cocaine, second offense, in violation of La.R.S. 40:967 and 40:982. After his first trial ended in a mistrial, Defendant was retried and found guilty as charged on March 16, 2005. Defendant was subsequently adjudicated a second habitual offender and sentenced to five years at hard labor for possession of cocaine, second offense, and thirty years at hard labor for distribution of cocaine, second offense.

     On appeal of Defendant's convictions, this court held:

> Pursuant to *Skipper*, La.R.S. 40:982 does not state a substantive crime. However, the second-offense portions of the convictions are severable from the portions of the convictions that relied upon the more recent criminal conduct, pursuant to La.R.S. 40:967. Further, although it was error under *Skipper* to expose the jury to the fact of Defendant's prior conviction, said error was harmless because of the strong evidence regarding the more recent criminal conduct at issue, i.e., Defendant's sale of cocaine to an undercover officer.

> Therefore, Defendant's convictions for second-offense possession and second-offense distribution of cocaine and the attendant sentences, including the adjudication and sentence under La.R.S. 15:529.1, are vacated. However, we order the entry of convictions for the lesser offenses of possession of cocaine and distribution of cocaine, both in violation of La.R.S. 40:967. The case is remanded for further proceedings, in accordance with this opinion.

*State v. Ruiz*, 06-30, pp. 17-18 (La.App. 3 Cir. 5/24/06), 931 So.2d 472, 483-84.

     In the error patent section of the opinion, this court stated:

> In accordance with La.Code Crim.P. art. 920, all appeals are reviewed on the face of the record for errors patent. After reviewing the record, we find that there are several errors patent involving the habitual offender adjudication and sentences. We find, however, that these errors are mooted by our finding, based on an assigned error, that the Defendant's convictions are vacated only as to his second offender status. Therefore, Defendant's habitual offender adjudication and sentences are vacated and the case is remanded for further proceedings.

1

*Id.* at 474.

On June 19, 2006, the State filed a habitual offender bill requesting that Defendant be sentenced in conformity with the provisions of La.R.S. 15:529.1.

On April 11, 2007, the supreme court affirmed this court's decision, but held that we erred in conducting a harmless error review where Defendant waived his right to raise the *Skipper* error. The supreme court, finding an error in the trial court's double enhancement of Defendant's sentences, remanded the case for resentencing, stating:

> We further observe that although the State charged the defendant as a second offender pursuant to La.Rev.Stat. 40:982, after trial the State filed an habitual offender bill under La.Rev.Stat. 15:529.1. After finding the defendant a second offender subject to the provisions of La.Rev.Stat. 15:529.1 A(1)(a), the court calculated the applicable sentencing range by doubling the maximum penalty provided for the underlying offenses pursuant to La.Rev.Stat. 40:982, and then applying to those enhanced penalties the formula for sentencing a second offender under La.Rev.Stat. 15:529.1A(1)(a), to find a sentencing range of 5 to 20 years for possession of cocaine and 30 to 120 years for distribution of cocaine. Under this formula, the trial court imposed sentences of 5 years at hard labor for possession of cocaine as a second and subsequent offender and 30 years at hard labor for distribution of cocaine as a second and subsequent offender. These sentences equate to the maximum penalties statutorily provided for the underlying offenses of possession and distribution and thus, the court imposed sentences which do not exceed the maximum un-enhanced terms of imprisonment provided by the underlying substantive crimes. However, we must caution the trial court that the double enhancement formula it used, *i.e.,* enhancing the penalties provided for the underlying offense as a matter of La.Rev.Stat. 40:982 and then enhancing those enhanced penalties under La. Rev stat 15:529.1, on the basis of the same prior convictions, violated this court's rule in *State v. Sanders*, 337 So.2d 1131, 1134 (La.1976) (the State may not seek multiple enhancement of a defendant's sentence on the basis of the same set of prior convictions). *See, e.g., State v. Murray*, 357 So.2d 1121, 1124 (La.1978), *reversed on other grounds*. Therefore, although we reverse that part of the court of appeal's decision, which severed the second-offense portions of the convictions from the underlying substantive offenses of possession and distribution of cocaine, we find this matter must be remanded for re-sentencing to correct the trial court's erroneous use of Louisiana's

2

Habitual Offender Law, La.Rev.Stat. 15:529.1, where the defendant was already subject to an enhanced penalty pursuant to La.Rev.Stat. 40:982.

## DECREE

The defendant's convictions for possession of cocaine and distribution of cocaine, in violation of La.Rev.Stat. 40:967, are affirmed. Because the trial court has found the defendant to be a second offender, having previously been convicted of two counts of distribution of cocaine, this matter is remanded for sentencing pursuant to *either* the sentencing enhancement provisions of La.Rev.Stat. 40:982 or Louisiana's Habitual Offender Law, La.Rev.Stat. 15:529.1. The State may not validly seek multiple enhancement of the defendant's sentence based on the same set of prior convictions.

## AFFIRMED AND REMANDED WITH INSTRUCTIONS.

*State v. Ruiz*, 06-1755, pp. 12-13 (La. 4/11/07), 955 So.2d 81, 88-89 (Footnote omitted).[1]

On March 20, 2008, a hearing was held before the trial court at which the State offered the transcript of witnesses' testimonies from the original multiple offender hearing, along with exhibits from the prior proceeding. The trial court again found Defendant to be a second offender and sentenced him to fifteen years at hard labor for distribution of cocaine, and two and one-half years at hard labor for possession of cocaine, to run concurrently.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we reviewed this appeal for errors patent on the face of the record. After reviewing the record, we find there are no errors patent regarding Defendant's sentences.

---

[1] The supreme court, in the body of its opinion, stated it was *reversing* this court's decision insofar as it severed the second-offense portions of the convictions from the underlying substantive offenses; however, its decree language stated it *affirmed* and remanded the case.

3

**ASSIGNMENT OF ERROR**

On appeal, Defendant contends the errors patent concerning the habitual offender proceeding mentioned, but not discussed, in this court's prior opinion still exist as they would not have been corrected by the refiling of the same evidence from the original habitual offender hearing. He contends that because this court specifically found errors patent in the prior habitual offender proceeding and the State did not alter anything done in the prior proceeding, the errors patent must still exist, requiring vacation of the March 20, 2008 adjudication. The State, in its brief, essentially points out that Defendant was sentenced in accordance with the supreme court's ruling.

Indeed, our prior opinion mentioned several errors patent involving the habitual offender adjudication *and* sentences. However, there was only one error concerning the habitual offender proceeding, i.e., the failure of the trial court to inform Defendant of his rights prior to the original habitual adjudication proceeding. The other errors concerned sentencing.

In *State v. Coleman,* 96-525, pp. 12-13 (La.App. 3 Cir. 10/7/98), 720 So.2d 381, 387, this court explained in pertinent part:

> Although the right to remain silent is not specifically set forth in La.R.S. 15:529.1, in *State v. Johnson*, 432 So.2d 815 (La.1983), *writ granted on other grounds*, 438 So.2d 1113 (La.1983); *appeal after remand*, 457 So.2d 1251 (La.App. 1 Cir.1984), *appeal after remand*, 471 So.2d 1041 (La.App. 1 Cir.1985), the Louisiana Supreme Court held this statute clearly recognizes the defendant has the right to remain silent, and the statute implicitly provided defendant should be advised by the court of his right to remain silent. The court in *Johnson*, relying on *State v. Martin*, 427 So.2d 1182 (La.1983), further stated La.R.S. 15:529.1(D) specifically provides defendant shall be advised of his right to a formal hearing and to demand that the state prove its case.

4

This court has found such error to be harmless when the defendant is adjudicated a habitual offender after a full hearing, and the defendant does not testify or acknowledge his status as a habitual offender. *See State v. Alexander*, 05-276, 05-277 (La.App. 3 Cir. 11/2/05), 916 So.2d 303. In this case, although Defendant was not apprised of the foregoing rights prior to his original habitual offender proceeding, a full hearing was held, and Defendant did not testify or acknowledge his status as a habitual offender. Accordingly, the sole procedural error concerning the original habitual offender hearing was harmless. Further, we interpret the supreme court's ruling as implicitly "reinstating" Defendant's second offender status and remanding the case for sentencing only. The second hearing of March 20, 2008 was superfluous. Thus, it is unnecessary to address any potential issues regarding the re-adjudication in that proceeding.

Additionally, we make two other points. First, defense counsel did not assign any error regarding the subsequent proceeding. Second, the March 20, 2008 hearing resulted in Defendant's sentences being slashed in half—obviously a good result for Defendant. Thus, we fail to see any prejudice to Defendant as a consequence of that second hearing and his sentences are affirmed.

**AFFIRMED.**

_____