695 So.2d 1137 (1997)
STATE of Louisiana
v.
Jason D. KITTLIN.
No. CR97-92.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
*1138 J. Reed Walters, Dist. Atty., for State.
Paula C. Marx, Lafayette, for Jason D. Kittlin.
Before YELVERTON, SAUNDERS and GREMILLION, JJ.
SAUNDERS, Judge.
On October 23, 1995, the defendant, Jason Kittlin, pled guilty to attempted possession of cocaine and was sentenced to two and one-half years imprisonment at hard labor, to run consecutive with the seven years imposed for his prior offense of conspiracy to distribute cocaine and concurrent with the five years imposed for his prior offense of aggravated battery. On October 3, 1996, the State filed a habitual offender bill against the Defendant, charging the Defendant as a third felony offender under the provisions of La.R.S. 15:529.1.[1] On November 5, 1996, the Defendant pled not guilty to the habitual offender charge. After a hearing held on December 2, 1996, the Defendant was adjudicated a third felony offender. The trial court vacated the Defendant's previous sentence and imposed the following: Five years at hard labor, to run consecutive with the seven years imposed for his prior offense of conspiracy to distribute cocaine and concurrent with the five years imposed for his prior offense of aggravated battery.[2]
Defendant now appeals his habitual offender adjudication and sentence only. For the following reasons, we remand this case to the trial court with instructions.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent and one possible error patent.
The record indicates the trial court did not give the Defendant credit toward service of his sentence for time he spent in actual custody prior to the imposition of the sentence. Thus, we remand this case and order the trial court to give the Defendant credit for time served in accordance with La.Code Crim.P. art. 880.
Additionally, we recognize that the Defendant was not informed of his right to remain silent and have the State prove its case against him at his December 2, 1996, habitual offender hearing. The record contains a minute entry of the Defendant's arraignment as a habitual offender, but the minute entry does not indicate if the Defendant was informed of his rights at that time. However, even if the Defendant is not informed *1139 of his rights at the arraignment, any error resulting from this failure is harmless.
Although the right to remain silent is not specifically set forth in La.R.S. 15:529.1, in State v. Johnson, 432 So.2d 815 (La.1983), writ granted on other grounds, 438 So.2d 1113 (La.1983); appeal after remand, 457 So.2d 1251 (La.App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir.1985), the Louisiana Supreme Court held this statute clearly recognizes the defendant has the right to remain silent, and the statute implicitly provides the defendant should be advised by the court of his right to remain silent. The court in Johnson, relying on State v. Martin, 427 So.2d 1182 (La.1983), further stated that La.R.S. 15:529.1(D) specifically provides the defendant be advised of his right to a formal hearing and to have the State prove its case.
A trial court's failure to advise the defendant of his rights will result in harmless error if the defendant remains silent throughout the proceeding and the state presents competent evidence to prove the existence of the defendant's prior conviction as well as his identity as the person previously convicted. State v. Washington, 96-656 (La.App. 3 Cir. 1/15/97); 687 So.2d 575, citing, State v. Hodges, 94-898 (La.App. 3 Cir. 3/1/95); 651 So.2d 487. In the present case, the Defendant neither acknowledged his prior offenses nor admitted the truth of the allegations contained in the habitual offender bill of information. The State introduced documentary evidence as well as testimony concerning the Defendant's prior convictions. To prove the first prior felony, the State introduced the bill of information charging the Defendant with aggravated battery as well as the minute entry and transcript of the Defendant's guilty plea to that charge entered on January 26, 1995. For the second prior felony, the State introduced a bill of information charging the Defendant with conspiracy to commit distribution of cocaine as well as the minute entry showing the Defendant was found guilty of that charge on July 24, 1995. For the third prior felony, the State introduced a bill of information charging the Defendant with possession of cocaine as well as a minute entry and transcript showing the Defendant entered a plea of guilty to attempted possession of cocaine on October 23, 1995.
To prove the Defendant was the same person convicted of the three felonies alleged in the habitual offender bill, the State introduced the testimony of Lavon Coon, a court bailiff with the LaSalle Parish Sheriff's Department. Mr. Coon stated he was in court on January 26, 1995, July 24, 1995, and October 23, 1995, the dates on which the Defendant was either convicted or pled guilty to the three felonies. Mr. Coon also identified the Defendant in court as Jason Kittlin. Additionally, Mr. Coon identified the Defendant as the same person in the photographs on each of the respective bills of information for the prior felonies. Mr. Coon was the person who took the photographs. Thus, we find that the above evidence was sufficient to adjudicate the Defendant as a habitual offender despite the fact the trial court failed to advise the Defendant of his rights. However, in Assignment of Error No. 3 (briefed Assignment of Error No.2), the Defendant claims the evidence presented was insufficient because the Boykin colloquies for two of the convictions were not valid. Specifically, the Defendant claims the guilty pleas entered for aggravated battery and attempted possession of cocaine do not contain a valid waiver of rights. However, the Defendant has not preserved this objection for review. Although he raised other objections to the plea colloquies used, this particular objection was not raised in either the written objections or during the adjudication hearing itself. According to the supreme court, a "defendant remains bound by his failure to raise his present complaint at the time he was adjudicated a multiple offender." State v. Hall, 94-3147 (La.6/2/95); 654 So.2d 1085. Furthermore, La.R.S. 15:529.1(D)(1)(b) states that "[a]ny challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Consequently, the Defendant is barred from challenging the validity of his prior guilty pleas on the grounds alleged in his appeal.
*1140 Even had the Defendant preserved this objection for appeal, it is meritless. In the guilty plea colloquy for the aggravated battery conviction, the trial court explained the Boykin rights and specifically asked the Defendant if he understood the rights he was waiving. The Defendant responded, "Yes, sir." In the guilty plea colloquy for the attempted possession of cocaine conviction, the trial court explained the Boykin rights and specifically stated the Defendant was waiving each of those rights by pleading guilty. The trial court then asked the Defendant, "Do you understand that you are waiving all of these particular rights?" The Defendant replied, "Yes, sir."
In his brief, the Defendant further claims, "[t]he lengthy recitation of rights with Appellant and other defendants in this group `Boykinization' was confusing and constitutionally infirm." The Defendant cites no cases stating a group Boykinization is constitutionally infirm. Moreover, the colloquies for both the pleas entered by the Defendant contain explicit advice of rights and waiver of those rights.
For the foregoing reasons, we find that the evidence introduced by the State was sufficient to adjudicate the Defendant a habitual offender. Thus, the trial court's failure to advise the Defendant of his right to remain silent and to have the State prove its case was harmless error.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the Defendant claims "the trial court erred in adjudicating appellant as a habitual offender and enhancing appellant's sentence in violation of a plea agreement which had been accepted by the Court, and further, this enhanced penalty constitutes a constitutionally excessive sentence." The Defendant claims that in exchange for his guilty plea to attempted possession of cocaine, the prosecution promised that conviction would not be used to "enhance sentence under the Habitual Offender Statute." The Defendant preserved this issue by raising it in his "Particular Objections to Bill of Information # 55,573" and at the habitual offender hearing. At the habitual offender adjudication, the trial court found the prosecution did not violate its plea agreement by enhancing the attempted possession of cocaine conviction. The court stated:
The District Attorney agreed not to use the conviction of attempted possession of cocaine to enhance sentence under R.S. 15:529.1, as will appear from page 2 of the transcript. The District Attorney cannot now attempt to use said conviction as an habitual offender predicate. Well, I agree. But, there's only one problem. That particular conviction is not being used as a predicate offense. That particular conviction is the offense which is being enhanced. It's not a prior offense.
On appeal, the State argues the trial court was correct in its interpretation of the plea agreement, i.e., that the State would not use the attempted possession of cocaine conviction as a predicate for future habitual offender adjudications. However, we note that the terms of the plea agreement with respect to the habitual offender adjudication are not clear. At the guilty plea hearing, the Prosecution stated, "[t]he State of Louisiana agrees not to use this conviction, that's Docket No. 51,908, plea to enhance sentence under LSA-RS 15:529.1." The trial judge presiding over the plea further explained to the Defendant:
You understand now that by pleading guilty to this offense you could be subjecting yourself to prosecution as a habitual offender if you get into this kind of trouble again, Mr. Kittlin, except that you do have an agreement from the State that they will not use this to enhance penalties for other crimes ...
....
Okay, with that exception both of you understand that as a general rule if you have felony trouble then your sentence can be enhanced in the future. If you get into any kind of felony trouble again....
The Defendant said he understood this. At another point in the proceeding, the trial court stated:
You know, of course, that be pleading guilty to this even though the penalties forin other words, your penalties can't be enhanced by virtue of the habitual offender *1141 as a result of this conviction. You know, of course, that it's still another black mark on Jason's record.
....
And that fact in and of itself can be used to, you know, since you do have a prior record, when you are sentenced, of course, then that's a fact that all courts would consider in giving you a sentence.
Finally, the trial judge presiding over the plea stated for the record, "the record will adequately reflect that the State will not use the conviction in 51,908 for purposes of enhancement of any penalties pursuant to Title 15, Section 529.1." The defense attorney responded, "That's correct, Your Honor, that's good."
Because we find that it is not clear from the above what the State intended with respect to the habitual offender issue, we remand this case to the trial court for an evidentiary hearing to determine what the parties' intended with respect to the habitual offender bill. State v. Dixon, 449 So.2d 463 (La.1984). If the evidence presented supports a finding that the State promised it would not enhance the Defendant's present conviction by filing a habitual offender bill and that the Defendant's guilty plea was induced in part by this promise, the plea bargain must be enforced. Id. Likewise, if the evidence supports a finding that there was no such agreement, but the Defendant justifiably believed there was and pled guilty in part because of that belief, the guilty plea was not knowingly and voluntarily entered and must be set aside. Id. Moreover, if after an evidentiary hearing it is determined that the terms of the plea bargain reflects an agreement by the State "that it would not use the attempted possession of cocaine conviction as a predicate for future habitual offender adjudications," this plea would be considered invalid as it is against public policy as it could be construed as an encouragement of future criminal activity. While the State clearly can promise a defendant that it will not enhance the defendant's present conviction by filing a habitual offender bill, it cannot enter into a plea agreement compromising its ability to prosecute future criminal activity. An agreement of this nature is equivalent to a "down-payment" on a future sentence and might well encourage future criminal activity instead of deterring such activity. Public policy considerations do not allow us to condone a plea bargain which makes "concessions in advance" of future criminal activity.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the Defendant claims the trial court erred in imposing an unconstitutionally excessive sentence in this case. The Defendant did not argue this assignment, thus, it is abandoned.

ASSIGNMENT OF ERROR NO. 3
This assignment has been discussed in the error patent section and for the reasons stated in that section, we find that this assignment lacks merit.

DECREE
For the foregoing reasons, we remand this case to the trial court for an evidentiary hearing to determine what the parties' intended with respect to the habitual offender bill. If the evidence presented supports a finding that the State promised it would not enhance the Defendant's present conviction by filing a habitual offender bill and that the Defendant's guilty plea was induced in part by this promise, the plea bargain must be enforced. Likewise, if the evidence supports a finding that there was no such agreement, but the Defendant justifiably believed there was and pled guilty in part because of that belief, the guilty plea was not knowingly and voluntarily entered and must be set aside.
However, if after an evidentiary hearing it is determined that the terms of the plea bargain reflects an agreement by the State "that it would not use the attempted possession of cocaine conviction as a predicate for future habitual offender adjudications," this plea bargain would be considered invalid as it is against public policy. While the State clearly can promise a Defendant that it will not enhance the Defendant's present conviction by filing a habitual offender bill, it cannot enter into a plea agreement assuming *1142 that a defendant will engage in future criminal activity and compromise the State's ability to prosecute said future criminal activity. To conclude that such an agreement is valid would clearly controvert public policy and, thus, the Defendant should be allowed to withdraw his plea.
Finally, we remind the trial court at the appropriate time that it must give the Defendant credit for time served in accordance with La.Code Crim.P. art. 880.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] The Defendant has been before this court previously, appealing one of the convictions listed in the habitual offender bill, i.e., conspiracy to commit distribution of cocaine. State v. Kittlin, 95-1690 (La.App. 3 Cir. 6/26/96); 675 So.2d 304 (unpublished).
[2] This court notes that the trial court stated it was vacating the sentence imposed on July 8,1996. However, the record contains no minute entries for that date. The LaSalle Parish Clerk's Office was contacted, but they also have no record of a minute entry on July 8, 1996, pertaining to the Defendant. After discussing the problem with the court reporter and judge's office, the clerk concluded the trial court must have mistakenly used that date in sentencing the Defendant. Apparently, the trial court was referring to the sentence imposed on October 23, 1995, since that was the sentence being enhanced by the habitual offender bill.