STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-361


STATE OF LOUISIANA

VERSUS

LEONIDAS DEAN LOWRY


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 10-1452
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**


Bradley R. Burget
District Attorney − Seventh Judicial District
David R. Opperman − Assistant District Attorney
4001 Carter Street, Suite 9
Vidalia, Louisiana 71373
(318) 336-5526
COUNSEL FOR APPELLEE:
    State of Louisiana

**Leonidas D. Lowry #400723**
**Camp D, Falcon Unit − 4**
**Louisiana State Penitentiary**
**Angola, Louisiana  70712**
        **In Proper Person**

**Peter John**
**O'Neal Legal, L.L.C.**
**10925 Perkins Road, Suite C**
**Baton Rouge, Louisiana 70810**
**(225) 757-8496**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Leonidas Dean Lowry**

**GENOVESE, Judge.**

In this criminal case, Defendant, Leonidas Lowry, appeals his multiple-offender adjudication and sentence. For the following reasons, we affirm Defendant's adjudication and sentence.

## FACTS AND PROCEDURAL HISTORY

Defendant, Leonidas Lowry, was convicted of simple burglary on May 27, 2010, and was charged by bill of information with being a multiple offender on June 16, 2010. At a hearing on September 15, 2010, the trial court adjudicated Defendant a fourth felony offender and sentenced him to a term of sixty-five years with the Louisiana Department of Corrections.

Defendant filed a motion to reconsider his sentence which was denied. Defendant now appeals his adjudication and his sentence.[1]

## ASSIGNMENTS OF ERROR

1. Mr. Lowry was denied effective assistance of counsel.

2. Mr. Lowry was denied a fair trial due to a conviction with insufficient evidence.

## *PRO SE* ASSIGNMENTS OF ERROR

I. The trial court infringed on Appellant's 5th and 14th Amendment Rights to the United States Constitution and Article I §§ 2 & 16 of the Louisiana Constitution when the court failed to apprise Appellant of his right to remain silent at the habitual offender hearing.

II. The State of Louisiana failed to establish its burden at the habitual offender hearing that the Appellant was represented by defense counsels on each of his alleged prior convictions or that he was properly Boykinized.[2]

III. Was Appellant denied effective assistance of counsel at the habitual offender hearing when defense counsel failed:

---

[1] Although Defendant's brief mentions that Defendant's sixty-five-year sentence "is all but equivalent to a death sentence," he does not allege an excessive sentence as an assignment of error.

[2] *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

(A) To object to the trial court failure to advise Appellant of his right to remain silent.

(B) To object to the State's failure to meet it's [sic] burden of proof that Appellant was represent [sic] by counsel on the allege [sic] prior convictions.

(C) To object to the State's failure to meet it's [sic] burden of proof that Appellant was Boykinized on the allege [sic] prior convictions.

(D) To inform the court of Appellant's desire to testify at the hearing.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent which will be addressed in Defendant's *pro se* assignment of error number one.

## ASSIGNMENT OF ERRORS NO. 1 AND NO. 2

This case and its companion case, bearing number 11-314 on this court's docket, were consolidated for briefing purposes. Defense counsel's brief in docket number 11-314 alleged ineffective assistance of counsel and insufficient evidence to support the underlying conviction. We find, as in docket number 11-314, that Defendant's claim of ineffective assistance of counsel is a more appropriate issue for post-conviction relief and that his insufficiency of the evidence claim is abandoned because it was not briefed.

## *PRO SE* ASSIGNMENT OF ERROR NO. 1

Defendant alleges his constitutional rights were violated because the trial court failed to apprise him of his right to remain silent at the multiple offender hearing. The record shows Defendant in fact was not advised of his right to remain silent, and it is the State that bears the responsibility of proving its case. However, "[a] trial court's failure to advise the defendant of his rights will result in harmless error if the defendant remains silent throughout the proceeding[,] and the state

2

presents competent evidence to prove the existence of the defendant's prior conviction as well as his identity as the person previously convicted." *State v. Kittlin*, 97-92, p. 3 (La.App. 3 Cir. 6/4/97), 695 So.2d 1137, 1139 (citing *State v. Washington*, 96-656 (La.App. 3 Cir. 1/15/97), 687 So.2d 575).

To establish Defendant's status as a multiple offender, the State called Wesley Bruce, who was accepted as an expert in the field of latent fingerprint examination. Mr. Bruce obtained Defendant's fingerprints two days prior to the multiple offender hearing. He also examined the fingerprints from State's Exhibits 1, 2, and 3 and found they matched the prints he took.

State's Exhibit 1 pertained to Defendant's guilty plea to simple burglary on November 10, 2003, in Jefferson Parish. The clerk's minutes showed Defendant was represented by counsel when he changed his plea to guilty and waived his constitutional rights.

Items from State's Exhibit 2 showed Defendant was represented by counsel when he pled guilty to possession of cocaine on February 5, 2004, in Jefferson Parish. In that case, he was sentenced as a multiple offender to four years at hard labor.

State's Exhibit 3 showed Defendant pled guilty to two counts of simple burglary on March 2, 1998, in Jefferson Parish. He was also represented by counsel in that matter.

Defendant argues he was not advised of his right to remain silent while, at the same time, contending he was denied the opportunity to address the court. The record shows Defendant was represented by counsel at the hearing and waited until after the trial judge pronounced his sentence to attempt to say anything. At that point, the trial judge informed Defendant that the matter was concluded and did not allow him to speak. We find that Defendant waived his opportunity to address the

court by not speaking up prior to the pronouncement of his sentence. La.Code Crim.P. art. 841.

We also find that the exhibits and Mr. Bruce's testimony established that Defendant was the same person convicted of the prior felony offenses. Therefore, we find that the evidence was sufficient to adjudicate Defendant a multiple offender in this matter and that the record shows Defendant remained silent during the sentencing proceeding. Accordingly, we find that the trial court's failure to advise Defendant of his right to remain silent and have the State prove its case against him was harmless error.

## *PRO SE* ASSIGNMENT OF ERROR NO. 2

Defendant argues the State failed to establish that he was represented by counsel or properly advised of his *Boykin* rights in his prior convictions. The exhibits discussed above all indicate that Defendant had counsel present at the time of each guilty plea. Minutes of the court clerk in each case show Defendant was advised of his *Boykin* rights, *i.e.*, his right to trial by judge or jury, the right to confront his accusers, and his right against self-incrimination. Further, Defendant did not raise any objection during his multiple offender hearing, and thus, he has failed to preserve the issue for appeal. *Kittlin*, 695 So.2d 1137.

## *PRO SE* ASSIGNMENT OF ERROR NO. 3

Defendant complains his counsel was ineffective at the multiple offender hearing: (1) for failing to object when the court failed to advise him of his right to remain silent; (2) when the State failed to show he was represented by counsel or was advised of his *Boykin* rights on the prior convictions; and, (3) for failing to inform the court of his desire to testify. The issue of ineffective counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State ex rel. A.B.*, 09-870

4

(La.App. 3 Cir. 12/9/09), 25 So.3d 1012.  However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it.  *Id.*

After a thorough review of the record on appeal, we find that the record is not sufficient to determine whether counsel was ineffective with regard to Defendant's claim regarding his counsel's failure to inform the court of his desire to testify.  Determination of that issue may require testimony from defense counsel at an evidentiary hearing.  We, therefore, relegate the issue of ineffective assistance of counsel to post-conviction relief.

## DISPOSITION

Defendant's adjudication and sentence as a multiple offender are affirmed. Defendant's claim of ineffective assistance of counsel is relegated to post-conviction relief.

**AFFIRMED.**